UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHYLICIA LOWE,

                *Petitioner*,

– against –

UNITED STATES OF AMERICA,

                *Respondent*.

**MEMORANDUM & ORDER**
24-mc-03326 (NCM)

**NATASHA C. MERLE**, United States District Judge:

*Pro se* petitioner Phylicia Lowe moves to expunge the record of her criminal conviction of one count of importation of cocaine under 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3). *See* Mot. at 1, ECF No. 1; Judgment, No. 13-cr-00595, ECF No. 12.[1] On September 5, 2024, the Court permitted petitioner to supplement her motion and noted that failure to reply to the Order may result in denial of her motion. Petitioner did not file a response. For the reasons stated below, petitioner's motion is **DENIED.**

## DISCUSSION

Federal courts have limited jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). District courts generally lack subject matter jurisdiction over motions to expunge valid criminal convictions. *See Doe v. United States*, 833 F.3d 192, 198–99 (2d Cir. 2016). Therefore, absent an express grant of authority from Congress, a district court lacks the power to expunge valid

---

[1] For petitioner's motion to expunge (the "Motion"), the Court uses the ECF-generated page numbers indicated in the header.

criminal convictions. *Id.; see, e.g.*, *Blair v. United States*, No. 23-mc-00688, 2023 WL 5417357, at *1 (E.D.N.Y. Aug. 22, 2023) (denying motion to expunge criminal record for lack of subject matter jurisdiction); *Lee v. United States*, No. 22-mc-02137, 2024 WL 3535436, at *3 (E.D.N.Y. July 25, 2024) (same).

Petitioner does not point to an authorizing statute granting the Court power to expunge her record. *See generally* Mot. Instead, petitioner moves to expunge her criminal conviction on the basis that "[i]n the past [she] made mistakes," but is now "a mom presuing [sic] a career with a degree." Mot. at 2. Petitioner does not assert that her criminal conviction is invalid and solely seeks relief on the basis of equity, requesting "leniency" and "mercy" from the Court. Mot. at 2.

Petitioner did not respond to this Court's order, which notified her of the deficiency in her motion and allowed her an opportunity to supplement her briefing. *See* ECF Order dated Sep. 5, 2024.

Since the Court lacks subject matter jurisdiction to expunge petitioner's record, the Court must deny her motion and dismiss her case.[2]

---

[2] However, the Court's lack of jurisdiction to expunge petitioner's criminal conviction does not bar petitioner from seeking other forms of relief, such as those afforded under state or local law. *See, e.g.*, *Yearwood v. United States*, No. 18-mc-01835, 2022 WL 4662091, at *2 n.3 (E.D.N.Y. Sept. 30, 2022) (noting possible relief under New York State law); N.Y. Corr. Law §§ 750–755 (preventing discrimination against individuals with previous convictions and detailing factors to be considered).

2

## CONCLUSION

For the reasons stated above, petitioner's motion to expunge her criminal record is **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this order to petitioner and close this case.

**SO ORDERED.**

                                                           _/s/ Natasha C. Merle_
                                                           NATASHA C. MERLE
                                                           United States District Judge

Dated:         November 22, 2024
                  Brooklyn, New York